Taft, J.,
 

 dissenting. As appears from the outline of the facts by the majority, the evidence most favorable to the plaintiff shows that (a) the right rear wheel of plaintiff’s car was about one foot on the paved portion of the highway so as to provide a good foundation for the bumper jack, (b) plaintiff was changing the right rear tire, and (c) plaintiff’s wife stood behind him and was directing the light on the tire.
 

 If the bumper jack was on the pavement and the right rear wheel was only one foot on the pavement, then plaintiff would necessarily have to be to the west side of the rear wheel in order to be in a position to change the tire; or to the west side of the jack located on the pavement if his wife was standing behind him and facing east. If his wife was standing behind him facing east and directing her light-on the tire, she must have been even farther from the east side of the
 
 *397
 
 paved portion of the southbound lane. In other words, this “evidence most favorable to the plaintiff” would certainly not justify a jury in finding plaintiff’s wife any closer to the east edge of the paved portion of the southbound highway than three to four feet.
 

 While plaintiff testified that his wife was only 1% feet out on the paved part of the highway, the jury would certainly not be justified in believing that she was only that distance out on the pavement if, as plaintiff testified, the jack was on the pavement, the wheel was one foot out from the edge of the pavement, his wife was standing behind plaintiff and he was letting the jack down.
 

 However, even if plaintiff’s wife was only 1
 
 %
 
 feet on the paved portion of the highway, here was a party standing with only a flashlight warning on the paved portion of a well-traveled highway at a time when it was dark. Applying the rule stated in paragraph three of the syllabus of
 
 Hamden Lodge
 
 v.
 
 Ohio Fuel Gas
 
 Co., cited by the majority, it seems to me that reasonable minds should reach no other conclusion than that decedent was not exercising that degree of care which an ordinarily reasonable and prudent person would exercise under the same or similar circumstances.
 

 The majority states that the failure of a pedestrian to anticipate negligence of an automobile driver will not bar recovery for injury to such pedestrian. However, reliance on others to use due care is not due care when such reliance is accompanied by obvious and apparent danger. Automobiles traveling in a southerly direction had a right to use the paved portion of the highway upon which plaintiff’s wife was standing. She knew that and therefore knew that automobiles would use the portion. of the highway on which she was standing.